UNITED STATES of America

v.

**Louis J. MONGELLI, et al., Defendants.**

**No. 91 Cr. 821 (VLB).**

United States District Court,
S.D. New York.

Sept. 1, 1992.

See also 794 F.Supp. 529.

Michael L. Tabak, U.S. Attorney's Office, White Plains, N.Y., for the Government.

Andrew M. Lawler, Benjamin Brafman, Scott E. Mollen, Graubard, Mollen, Horowitz, Pomeranz & Shapiro, and Gary P. Naftalis, Kramer, Levin, Nessen, Kamin & Frankel, New York City, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

Defendants have moved to suppress the fruits of governmental electronic surveillances authorized by Hon. Gerard L. Goettel, and for additional relief.[1]

While conceding that the agents sought to avoid taping unnecessary material and to minimize the surveillance, the defense points to inclusion of irrelevant conversations in the material actually taped as indicating a violation of the minimization requirement of 18 U.S.C. § 2518. This argument cannot be accepted inasmuch as one cannot foresee or prevent the mixing of irrelevant with relevant comments during a conversation.

In a case of this magnitude, the minimization issue can only be evaluated at trial unless a hearing amounting to a full trial before trial is to be held. The minimization aspect of the motion (to be contrasted with the adequacy of the prosecution's submission in support of the surveillance requested) must accordingly be deferred under Fed.R.Crim.P. 12(e) unless a practical means of accelerating its disposition is possible. Disclosure of all of the government's proof prior to trial is not such an option.

Defendants also urge that other methods of investigation other than electronic surveillance were ample. The thrust of the defense argument appears to be that the statute creates a Hobson's choice for an investigating agency: only if there is enough evidence to show that electronic surveillance is not necessary is there enough evidence to support the permissibility of obtaining a court order of authorization. This argument, as defendants concede, is to be tested in a commonsense fashion, *United States v. Lilla*, 699 F.2d 99, 103 (2d Cir.1983).

If all defendants are prepared to stipulate to the events which those other methods of investigation are believed to establish, thus making recourse to some or all of the electronic surveillance involved in this case unnecessary, the court will consider asking the prosecution to eliminate duplicative materials from the surveillance materi-

---

1. Defendants seek an order directing that the prosecution designate tapes it intends to offer, and thereafter granting hearings on minimization and audibility, excluding inaudible or unintelligible wire or oral communications; and suppressing non-pertinent communications and fruits thereof.

These requests are properly resolved in the course of the final pretrial stage at which time the nature and quantity of evidence to be offered in the prosecution's direct case will be evaluated. The prosecution is directed:

(1) to determine what tapes it wishes to offer, taking into account the need to avoid undue prolongation of the trial or confusion of the jury due to excessive complexity of the evidence;

(2) to eliminate any inaudible or unintelligible portions from its offer or from an edited portion to be actually played at trial (retaining the original in unedited form); if enhancement of otherwise inaudible tapes is necessary, representatives of the defense shall be informed of the procedure and allowed to be present but not to interfere with it;

(3) to inform the defense of its selections and to permit representatives of the defense to listen to the tapes to be offered after editing.

The request for suppression of non-pertinent material is inappropriate: if not pertinent it will not be received. Mere irrelevancy is not a basis for suppression.

al it intends to offer. I will then rule on any residual items under Federal Rules of Evidence Rule 403 and 18 U.S.C. § 2518, based on summaries of the items in dispute.

Defendants have challenged the adequacy of the government's submissions to Judge Goettel to support the surveillance ordered.[2] Defendants do not contest the sufficiency of a June 7, 1989 affidavit of FBI Special Agent David M. Rhieu in establishing probable cause as to currency transaction reporting violations and bribery of some public officials.[3] They claim, however, that reference to Hobbs Act violations and certain other bribery activities was not justified by the facts recited in the affidavit. Even accepting this contention *arguendo*, it is impossible to determine what bribes and related conduct will or will not be mentioned in an anticipated conversation to be taped. The reference to additional statutory violations was irrelevant; once the acts of taping were justified under 18 U.S.C. § 2518 by *any* adequate evidence, that reference furnishes no basis of suppression.

Concern with unnecessary reliance on electronic surveillance was taken into account when 18 U.S.C. § 2518 was adopted, resulting in the requirement for advance judicial approval, granted here by Judge Goettel. The use of such technological means of investigation is, of course, closely related to the enhanced ability of criminals to use such means themselves, as in the case of international banking transfers, long-distance telecommunication, complex financial structures and the like. Systemic as well as individualized control of the extent of use of surveillance, suggested at the time the legislation now in place was adopted, included a limit on the total number of applications during a given time period, detailed reports to Congress, and a ban on some types of surveillance of residences. See generally *Measures Relating to Organized Crime: Hearings Before the Subcommittee on Criminal Laws and Procedures, Senate Committee on the Judiciary*, 91st Cong., 1st Sess. 219–29 (1969) (also recommending enhancement of other means of investigation, to counterbalance expansion of ability to commit crimes utilizing advanced technological capabilities, and to counterbalance proposed limitations on electronic surveillance). To the extent that defendants urge minimization of electronic surveillance beyond that required by 18 U.S.C. § 2518 and the Constitution, they must have recourse to Congress and not to me.

Except to the extent certain issues are reserved as set forth in footnote 1 of this memorandum order, defendants' motions with regard to electronic surveillance are denied.

SO ORDERED.

---

**2.** Judge Goettel's evaluation of the showing in support of electronic surveillance under 18 U.S.C. § 2518 is entitled to deference under *United States v. Ruggiero*, 726 F.2d 913, 924 (2d Cir.), *cert. denied* 469 U.S. 831, 105 S.Ct. 118, 83 L.Ed.2d 60 (1984); see also *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983).

**3.** For the purpose of sufficiency, it is enough that "there existed a substantial basis ... to conclude that [the surveillance] would uncover evidence of wrong-doing." *United States v. Biaggi*, 853 F.2d 89, 95 (2d Cir.1988), *cert. denied* 489 U.S. 1052, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989).